## DISTRICT GRAND LODGE NO. 21 G. U. O. O. F. OF LA. v. EDWARDS et al. *

## EDWARDS v. DISTRICT GRAND LODGE NO. 21 G. U. O. O. F. OF LA. et al.

### Nos. 1488, 1489.

Court of Appeal of Louisiana. First Circuit.

May 14, 1935.

Chas. J. Mundy, of New Orleans, for appellant.

Harvey Peltier and Hubert A. Lafargue, both of Thibodaux, for appellees.

DORE, Judge.

The above cases were consolidated by consent of all parties and are now before this court as a concursus proceeding.

Gabe Edwards was, at the time of his death, a member in good standing in a sub-

*Rehearing denied June 14, 1935. Writ of error refused July 18, 1935.

ordinate lodge of the plaintiff lodge herein, and had a policy or a certificate of the said grand lodge to the amount of $500, and in which he had named as beneficiaries Manuel Lane, designating him as a stepson, and Willie Edwards, designating him as his son, but without designating what amount of the said $500 should be paid to each of the two beneficiaries.

Willie Edwards, the son of deceased insured, is claiming the entire proceeds of the policy for the reason that he is the only legal beneficiary to be paid in that, according to the charter of the said grand lodge, a stepson could not be named as beneficiary in any way.

Manuel Lane, the other beneficiary, is claiming one-half of the face of the certificate or policy.

There was judgment by the lower court recognizing Manuel Lane and Willie Edwards as joint beneficiaries and discharging the grand lodge from obligation.

Willie Edwards appealed to this court.

Willie Edwards filed an exception of no right or cause of action in this court against the claim of Manuel Lane, basing his contention to the effect that the said Manuel Lane had failed to show in his answer to the concursus proceeding that he was any blood relative of Gabe Edwards, or that he came within the permitted class of beneficiaries named in the grand lodge's charter.

The discussion of this exception really goes to the merits, and therefore we shall consider this exception together with merits.

Upon motion of Willie Edwards, these cases were consolidated and fixed on November 5, 1934, for trial on November 12, 1934, and all other parties, together with Willie Edwards, the mover of said motion, were duly notified of said fixing.

Upon the trial of the cause, as fixed upon the motion of the said Willie Edwards, the grand lodge duly proved its case by filing in evidence the original certificate issued by it wherein Manuel Lane was designated as beneficiary and stepson of decedent, and Willie Edwards was designated also as son of decedent, and also the certificate of clerk of court wherein the amount called for by the said certificate was recited to have been paid into court.

It was agreed and admitted that the only question at issue was whether the stepson, Manuel Lane, one of the beneficiaries, was entitled to one-half of the proceeds.

Willie Edwards offered and asked to be introduced into the evidence a copy, not certified, of the amended charter of the grand lodge, and which offering was timely objected to by Manuel Lane, and which objection was sustained by the lower court. Thereupon, Willie Edwards orally moved that he be permitted to have the said copy authenticated and certified, and which motion, after being objected to by Manuel Lane, was refused. Whereupon, Willie Edwards requested verbally that he be granted a continuance of the case, and upon objection of Manuel Lane the court refused to grant a continuance for the reason that the case had been fixed for trial for some time. Thereupon, Willie Edwards proposed to introduce into evidence at some future date to be furnished to the clerk of court a certified copy of the charter of the grand lodge, and upon objection of Manuel Lane the court sustained the objection and refused to permit a subsequent filing.

There was judgment of the lower court, as heretofore stated, recognizing Manuel Lane and Willie Edwards as joint beneficiaries, entitled as such to equal portions of the said amount, after deducting the costs of the lower court.

Thereafter, Willie Edwards filed a motion for a rehearing and a new trial in the cases; and, upon the motion being fixed and taken up in regular order, the judge denied the said motion.

Willie Edwards now complains of the rulings of the court.

We see no errors in these rulings. An uncertified copy of any act is inadmissible. No document can be accepted or offered over the objection of the other party litigant unless that document be offered upon trial.

As to the granting of the continuance, we observe that the fixing of the case was upon motion of Willie Edwards, and, of the day and date thereof, he had ample notice. He should have been fully prepared to try his case in a legal way, and he must suffer by his own laches; besides, it is left to a trial judge within his discretion to grant such a continuance, and we do not find wherein he has abused it, nor do we find wherein the lower court abused its discretion in not granting a rehearing or a new trial in this cause.

It was the duty of Willie Edwards to come prepared to prove his contention. He does not show that he was taken by surprise, but merely shows his negligence and laches in the preparation of his side of the case.

Section 6 of Act No. 256 of 1912 clearly allows the designation of a stepson as beneficiary of a certificate or policy of insurance in matters of this kind, and the proof being that Manuel Lane was a stepson without objection, but with affirmance, by agreement of the fact that he was a stepson as named in the policy, disposes of both the exceptions filed and the merits.

Judgment of the lower court is affirmed at the costs of appellant.

Judgment affirmed.